*Nachimovsky v. Nike*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-three.

Present:
>	DEBRA ANN LIVINGSTON,
>		*Chief Judge*,
>	DENNY CHIN,
>	MARIA ARAÚJO KAHN,
>		*Circuit Judges.*

_____

DAVID NACHIMOVSKY,

>	*Plaintiff-Counter Defendant-Appellant*,

>	v.	22-866

NIKE, INC.,

>	*Defendant-Cross Defendant-Appellee*,

SHOE FITTERS, INC.,

>	*Defendant-Cross Claimant-Counter Claimant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Counter Defendant-Appellant: | YORAM NACHIMOVSKY, New York, NY. |
| For Defendant-Cross Defendant- | MAX DEITCHLER, Kutak Rock LLP, |

| | |
|---|---|
| Appellee: | Fayetteville, AK (Patricia O'Connor, Brody, O'Connor & O'Connor, Northpoint, NY, *on the brief*). |
| For Defendant-Cross Claimant-Counter Claimant-Appellee: | SETH WEINBERG, Mauro Lilling Naparty LLP, Woodbury, NY. |

Appeal from a March 29, 2022, opinion and order of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Counter Defendant-Appellant David Nachimovsky ("Nachimovsky") appeals from a March 29, 2022, opinion and order and a March 30, 2022, judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*), granting the motion of Defendant-Cross Defendant-Appellee Nike, Inc. ("Nike") for summary judgment in this products liability and negligence suit. Nachimovsky argues that the district court abused its discretion in excluding his proposed expert testimony and therefore erred in granting summary judgment to Nike.

We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only insofar as necessary to explain our decision to AFFIRM.

\*       \*       \*

Nachimovsky argues that the district court erred in granting summary judgment to Nike and dismissing his claims against Nike and Defendant-Cross Claimant-Counter Claimant-Appellee Shoe Fitters, Inc. ("Shoe Fitters") by erroneously excluding his proposed expert evidence and thereafter determining that Nike was entitled to summary judgment. We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (citation omitted). We review a district court's

2

"exclusion of expert testimony . . . for abuse of discretion, and a decision to admit or exclude expert scientific testimony is not an abuse of discretion unless it is manifestly erroneous." *Chin v. Port Authority of New York & New Jersey*, 685 F.3d 135, 160–61 (2d Cir. 2012) (internal quotation marks and brackets omitted).

Federal Rule of Evidence 702 assigns "to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). In exercising its "gatekeeping" role, we have said that a district court should "exclude expert testimony if it is speculative or conjectural or based on assumptions that are so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison." *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 2009) (internal quotation marks and citation omitted). "Additionally, the district court may consider the gap between the data and the conclusion drawn by the expert from that data, and exclude opinion evidence where the court conclude[s] that there is simply too great an analytical gap between the data and the opinion proffered." *Restivo v. Hessemann*, 846 F.3d 547, 577 (2d Cir. 2017) (internal quotation marks and citation omitted). Although such contentions typically go to the weight, rather than the admissibility, of expert evidence, a district court retains the discretion "to determine whether the expert acted reasonably in making assumptions of fact upon which he would base his testimony." *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 208 (2d Cir. 1984).

Here, Nachimovsky sought to admit testimony from a podiatrist, George Tsoutsouris, to prove that a pair of Nike sneakers were defectively designed and caused his 2016 basketball injury. Tsoutsouris's conclusory reports, however, were each less than a page long and gave no explanation for why or how he determined that "the medial longitudinal arch of the shoe is excessively narrow." A38–40. Tsoutsouris went on to conclude, again without explanation,

that "the design of the Nike gym shoes was a major contributing factor" to Nachimovsky's injury. A39. Tsoutsouris's letters and later deposition elaborated that the podiatrist had "walked in" and "jumped in" the shoes and "twisted" them "to see what type of torsional movement there was." A66, A69. But Tsoutsouris did not ask Nachimovsky whether the shoes had been modified with insoles at the time of the accident, A72; did not know if Nachimovsky had other knee injuries at the time or in the past, A73; did not measure the medial longitudinal arch on the shoe or compare it to other similar models, A86; and did not explain what a safe design standard would be, A86. Fundamentally, Tsoutsouris offered no account of the basis for his opinion so as to permit meaningful review of his methods. And because a district court is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert," *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 144 (1997), the district court's decision to exclude the expert evidence was, at the very least, not manifestly erroneous.

Nachimovsky makes no argument on appeal that the district court misapplied the summary judgment standard in any way except as to the proposed expert evidence. Accordingly, our decision as to the admissibility of this evidence necessarily requires us to affirm the district court's grant of summary judgment.

We have considered Plaintiff-Counter Defendant-Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4